UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

IN RE: SUELLEN ROGERS JONES

DEBTORS,                                            *    CHAPTER 13 CASE NO:

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s) employer) shall pay to the trustee the sum of $ **150.00** monthly. (If the payments change over time include the following.) Theses plan payments change to $ **N/A** monthly on **N/A**, 2016. From the payments so received, the trustee shall make disbursements as follows:

2. (A) The trustee percentage fee as set by the United States Trustee;

   (B) The monthly payments will be made on the following long-term debts: (payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| N/A | | |

   (C) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts made after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| N/A | |

   (D) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See Section 1325(a).

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| N/A | | | | | |

   (E) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

   (F) Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ **3,250.00** to be paid as follows:

| Pursuant to the Current Administrative Order on Attorney Fee Awards | Pay according to the Administration Order. |
|---|---|

   (G) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| N/A | | | | | |

   (H) The following collateral is surrendered to the creditor :

| **NAME OF CREDITOR** | **DESCRIPTION OF COLLATERAL** |
|---|---|
| BRIDGECREST/DRIVE TIME | 2008 CHEVROLET HHR |

   (I) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will/will not be made simultaneously with payment of the secured debt and will/will not include interest at a rate of ___ %. Interest can only be included if the plan is proposing to pay all claims in full.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| N/A | |

   (J) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt: _____ **N/A** _____ .

(K) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law: N/A .

(L) The debtor(s) will be the disbursing agent on the following debts: SETERUS MORTGAGE .

(M) Special provisions:

    (a) Confirmation of the case will constitute a finding the requirements of Section 521 have been completed with.
    (b) The Non-PMSI in HHG of the following shall be void upon completion of the Plan:
    (c) The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims shall be allowed for the value of the collateral or the amount of the claim, whichever is less, and shall be paid in monthly installments and at the interest rate as shown above. Secured creditors shall retain their liens as provided in 11 U.S.C. § 1325(a)(5).
    (d) Upon completion of the Chapter 13 Plan payment to the secured creditors, any and all liens held shall be released, and the title returned to the debtor(s), except this does not apply to any long term debt, regulatory liens or debts being paid outside the Chapter 13 Plan.
    (e) Any Mortgage payments made after the date of filing are only to be applied to current balances.
    (f) The collateral surrendered to the creditor as shown above in Paragraph 2 (H) is in full satisfaction of the debt.
    (g) Property of the estate does not revest upon confirmation.
    (h) Debtor(s) may execute a Quit Claim Deed back to the mortgage holder after confirmation on any property surrendered in Paragraph 2(H).
    (i) If the debtor(s) have any student loans, they shall be deferred during the pendency of the Chapter 13 Plan: _____ .
    (j) Executory Contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor(s) pursuant to this plan, the Debtor(s) shall make all pre-confirmation §1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the Debtor(s) shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the Debtor(s)' Plan:

| CREDITOR | COLLATERAL DESCRIPTION | REJECT | ASSUME |
|---|---|---|---|
| N/A | | | |

(N) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three):

    (i) Debtor(s) will pay all of the disposable income as shown on From B22C of $ 0.00  to the non priority unsecured creditors in order to be eligible for discharge.
    (ii) If the debtor(s) filed a Chapter 7 case, the unsecured creditors would receive $ 0.00 . Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge.
    (iii) The debtor(s) will pay $ 3,250.00  To the general unsecured creditors to be distributed Pro Rata.

(O) General unsecured creditors whose claims are duly proven and allowed will be paid:

    (a) N/A % dividend as long as this dividend exceeds the highest amount, if any, shown in Paragraphs (n)(i), (n), (ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.
    (b) The debtor(s) will make payments for N/A months and pays a dividend of N/A %, but will also exceed the highest amount shown in Paragraphs (n)(i), (n), (ii) or (n)(iii) above.

(P) Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the Debtor(s), remains property of the estate subject to the Court's Jurisdiction, notwithstanding Section 1327(b), except as otherwise provided in Paragraph (M) above. Property of the estate not paid to the Trustee shall remain in the possession of the Debtor(s). All property in the possession and control of the Debtor(s) shall be insured by the Debtor(s). The Chapter 13 Trustee will not and is not required to insurance assets and has no liability for injury to any person, damage or loss to any property in possession and control of the Debtor(s) or other property affected by property in possession and control of the Debtor(s).

(Q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date: 2/4/17

ARY A. CROSS, P.C.
America A. Cross, State Bar No: 191070 GA
P.O. Box 8641, Columbus, GA 31908
(706) 596-6745